IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cr-40043-001-JPG |
| ) | |
| JAMES E. WARE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 191). Counsel Kuenneke entered her appearance for the sole purpose of determining whether Defendant James E. Ware was eligible for application of the 2014 retroactive guideline amendment.

Defendant plead guilty to one count of conspiracy to distribute "crack cocaine." His sentencing calculations were based upon the career offender guidelines pursuant to U.S.S.G. § 4B.1.1[1] and resulted in a base offense level of 37 with a three level reduction for acceptance of responsibility. On February 16, 2007, Defendant was sentenced to 262 months of imprisonment. (Doc. 123).

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

---

[1] Should the defendant's career offender status ever be adjudged to be in error and vacated following *Johnson v. United States*, 135 S. Ct. 2551 (2015), the defendant may reapply for a reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).  Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.  Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

The Government filed a Response (Doc. 193) concurring with the reasoning set forth in Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw.  As such,

Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 191) is **GRANTED**.  The Clerk of Court is **DIRECTED** to send a copy of this order to the Defendant.

   **IT IS SO ORDERED.**

   **DATED:**  9/28/2015

                              *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**